Case 14-3092 United States of America v. Irvin C. Kenny, also known as Hoop, appellant. Mr. Kramer for the appellant, Ms. Lowe for the appellee. Good morning, your honors. May it please the court. Good morning. There were two fundamental errors in Mr. Kenny's revocation sentencing. First of all, the district court stated that the sentence has to be consecutive to any other sentence, which was of course not correct. It was merely an advisory. And for years, even before the Supreme Court's decision in Booker, the revocation policy statements had been deemed advisory by this court and every other court. So to me, it's indistinguishable from the head case where the court said it requires consecutive sentences. District court said something quite different here. I think when you say it has to be consecutive, I don't know how else to interpret that other than it seems to me in a sense stronger than requires. But in Hurd, the district court did not indicate he agreed with the sentencing guideline structure and that he fought for a violation of supervised release. A consecutive sentence in this case was appropriate. Isn't that correct? Whereas in Hurd said, I can't do anything unless you demonstrate a departure. Well, I think, if anything, the difference is stronger for Mr. Kenny in that sense. Because at least in Head, the district court acknowledged that it could go below the sentencing if there was a basis for a departure. So in a sense, it acknowledged that it could have given a lower sentence. There was no such acknowledgement in this case. The district court simply said, I revoke your term of supervised release. The whole scheme of the guidelines with which I agree, but that doesn't mean that the district judge would have done anything differently if he didn't agree. The whole scheme of the guidelines is that that has to be a consecutive sentence. So are we to take into account the fact that this district court judge has been on the bench for a number of years? And these major decisions by the Supreme Court that changed the entire nature of the guideline structure was not something of which this district court was conscious? Well, I think this court has repeatedly said that, as it said in Head, we are constrained by the limited record statements of the court's reasons. Whether the court might have, if anything, the court indicated that it didn't know when it said it has to be consecutive and gave no acknowledgement that it had any discretion to do otherwise. But there are multiple layers here because the guideline, I mean the policy statement, I should say, is phrased in mandatory terms, shall. Then we have said that the policy statement is advisory. And then on top of that, as Judge Rogers has said, the Supreme Court has said, well, the entire guidelines system is advisory. And it seems, particularly that last piece, the entire guideline system being advisory, every district judge knows that they're not bound by the guidelines in sentencing. But they also, at the same time, have to consult, do the guidelines calculations. It seems to me one could read this as doing that. In other words, taking account of the guidelines and then saying, well, I agree with it in this instance. I agree, I guess, that the calculations under the policy statements were done by the district court. But as the government pointed out better than I, in three places at least, Chapter 7 says that it's required to be a consecutive sentence. But this court had held, even before the guidelines were made advisory, that the policy statements were simply to be considered, that they weren't mandatory. So, I mean, that's been the law of this circuit for decades. I completely agree, but when a district judge says the whole scheme of the guidelines is that it has to be a consecutive sentence, that doesn't seem to be any acknowledgement at all of that there's discretion or that it's advisory or anything. And to me, it seems stronger than head, where at least in head, the district court acknowledged that it could depart from the guidelines. It says the guidelines. I'm sorry. No, excuse me. When the district court goes on to say that the new conduct has its own penalty, but the conduct in this case is a violation of supervised release, the sentence should be, and I find it is appropriate, that it be consecutive to the Maryland sentence. Now, that doesn't sound like the language of a judge thinking he is required, is it? I don't think you can view it after he has just said the whole scheme of the guidelines is that it has to be consecutive. It should be, and I find it's appropriate. I don't see any acknowledgement, at least in head, the district court said I can depart and I take into account your prior record in deciding the sentence. When a judge says it has to be consecutive, sorry. But he has to say that, right? In order to, because the policy statement does say shall. So to do the steps appropriately, you should say the whole scheme of the guidelines is that it has to be consecutive. That is in a policy statement, which is in turn advisory, and the whole system is in turn advisory. Now, he doesn't explicitly say those last things, but he does, as Judge Rogers said, and I agree with it and find it appropriate, which I think is language that is consistent with exercising the advisory nature of the guidelines. But he has to, and I understand why you focus on that, but he is accurately reflecting what the policy statement says, because the policy statement says shall. But he gives no indication. He says I agree with it, but he doesn't give any indication that he believes he can do anything differently. And to me, head, if this court reversed in head where the judge said I'm required to, but I could depart, but I don't find any basis to depart, that seems to me what the district judge said in this case is irreconcilable with this court's decision in head. Well, head also had the issue of which version of the guideline policy statement. Right, but that was in a sense irrelevant to the court's holding about what the judge said about the required. There was an ex post facto argument, which was a separate issue, and then there was the issue of whether the judge thought that the guidelines required certain things. Well, what head says is that we realize the district court may have used the word retired to mean not retired, but because we can't figure out from the statement whether he was applying the correct version of the guidelines, we have to remand it. Isn't that the holding? No, I think what head said is that the judge was clearly applying this 7B1.3F in head. There was no question about that. There was an ex post facto question about whether that was proper, but there was no question that the judge said under 7B1.3F a consecutive sentence is required, but then said I can depart, but there's no reason to depart, and I'm looking at your prior record. So at least the judge acknowledged some discretion in head. No discretion was acknowledged at all in this case, and saying it has to be, and by the way, I agree with that, doesn't indicate in any way that the judge thought he could do something different, and I really think head is, the decision in head compels the decision in this case. So if I say my doctor says I should have six servings of fruits and vegetables every day, and I agree that that's appropriate, but I don't eat, but I eat junk food all day. That would be my life. That would be my life, too. But, you know, I can make that statement and understand that I have discretion to do something different and actually do something different. There are lots of things that people tell me that I have to do that I agree that, you know, they're right, but I end up not doing them. So just because I phrase it that way doesn't mean that I don't understand that I have discretion. I mean, he's speaking somewhat colloquially here, right? Well, the only thing he says is that it has to be consecutive. The only thing the judge said in head was that it's required to be consecutive. I don't see any difference. In some ways, I see it has to be stronger. I understand why you want to take those words, but it's in the context of a sentence that says the whole scheme with which I agree. Saying agreement is not an acknowledgment you have discretion to do something else. I think that has it in a sense backwards, which the government argues that. Why would we care whether the district court agreed or not with the sentencing guidelines if they were mandatory? I think, well. Why would he make that statement? If they're mandatory, maybe the judge is just throwing this out. There's certainly no indication. Maybe he's explaining it to Mr. Head this way. I think you have to take from Head the fact that you have to go with what the judge said. Was it just a plain error? Pardon me? Was it just a plain error? I think under Head and Terrell and Bigley and this court's other cases in the sentencing context, it was plain error in Head, it was plain error in Terrell, it was plain error in Bigley. I think this court's sentencing decisions, there's no question this is plain error, constitutes plain error. I mean, it's definitely a plain error standard of review, but doesn't that affect how we look at how we're going to scrutinize this statement and potentially take it out of context and hold it as plain error, obvious error? At least in Head and Terrell and other cases, this court has given no indication that it results in stricter scrutiny of what the judge said. There's other consequences, of course, of the integrity of the system, which this court has said the chance for a lower sentence essentially always is plain error. This court's pretty lenient in the plain error standard in sentencing, but I don't think there's any indication that you scrutinize what the judge said more strictly. In fact, in Head, the court said, look, we're limited to the record of what the court said. It gave no indication that there's stricter scrutiny of that. You agree to some clear that the policy statement itself purports to say shall. It says shall. It doesn't purport to say shall. It says shall. Shall be consecutive. Yes, it says shall be ordered. Yes. And it says in the introduction, it says it's the policy is to be served consecutively. And then it says in the application note to 7B1.3, application note 4, any term of imprisonment shall run consecutively. So I think they're quite clear in the district court's comments essentially said that's the way it is, and that's gave no indication, let me put it that way, that it could do anything differently. So the district court knows because everybody on this earth knows, at least who's practicing as a lawyer or a judge, that the guidelines are advisory, but not that the public would think that the policy statements are still mandatory. Well, I mean, again, you have to go in. Terrell, the judge, said I recognize their advisory and I can do things, but the court said this is what it says, and this court reversed for plain error because it couldn't determine whether the judge appreciated the full scope of his discretion and deemed a concurrent sentence sufficient but not greater than necessary. So, I mean, to me, going out in direct contradiction of what this court said in head of, we're faced with a limited record of what the judge said. And in this case, it seems to me minimalism to an extreme. And to say that a judge says it has to be consecutive, I agree with that. It has to be consecutive. To say that the judge recognized that because we think he knew that these guidelines were advisory without ever saying it or saying that he had any discretion seems to me to be contrary to this court's cases that say you're limited to what the judge said on the record. I mean, we could attribute all kinds of things to judges, I guess. But I guess the fact that he says he finds it appropriate and he agrees with it, I guess to Judge Kavanaugh's point and Judge Rogers' point, doesn't that indicate some exercise of discretion? I don't see how. I mean, the fact that he agrees with it is just, to me, in a sense, an offhanded remark. And I agree with this. After you preface it by saying it has to be, and then you say, oh, and by the way, I agree with that, that it has to be. But it's the other way around, doesn't it? He starts by saying, I agree with the whole scheme, and it has to be. No, he starts by saying it has to be. He says, based on the merit I revoke, it's at page 43 of the appendix. He says, the whole scheme of the guidelines with which I agree is that it has to be consecutive. And then he says, I find it is appropriate. Yes, the word agree appears in a parenthetical phrase. I don't want the court to think that because I didn't get to address the 3553A argument that I think that's also under this force. Swimming upstream on that one. Pardon me? Swimming upstream on that one. Wouldn't you agree in light of this court, sir? President? No, I think just the opposite, actually. I'm sure that's not surprising. All right. Thank you. Let us hear it, counsel. Good morning. Good morning. May it please the court. Jennifer Loeb for the United States. The district court did not commit plain procedural error when it sentenced the appellant. So the key thing is to distinguish head, correct? That's correct, Your Honor. So you heard counsel. So what's your best argument? So in head, Your Honor, the government acknowledged that the judge was under the misapprehension that he was constrained by that policy statement. So the government conceded error there, didn't concede error here. That's correct, Your Honor. That only gets us so far, given that it's the court that has to make the decision. Well, I would go back to, I know we're parsing this language, but I'll go back to the language the court used. So there's two things I think are important here. First, the whole scheme of the guidelines with which the judge agrees is that it has to be a consecutive sentence. And I understand if you cherry pick that has to be consecutive, it is somewhat indistinguishable from head. But when you read on, this is the rationale. This is the rationale that underlies the policy statement, and I would argue that it's the rationale that underlies the judge's decision. The new conduct has its own penalty, but the conduct in this case is a violation of the supervised release. Therefore, it has to be consecutive. If the policy rationale, if the guidelines, if the goals of sentencing are going to mean anything, you can't penalize a separate infraction by having it run concurrent with what's already been imposed in a different case. So I would submit to the court that that's the rationale, that's the policy statement, that's the guidelines, that's the judge putting the parties on notice of the reason for his decision. And because we're on plain error, where context is key, it's worth noting that none of the parties in the courtroom saw fit to object. So is there a distinction with head based on this court's concern about prejudice? In other words, in head, the court wasn't clear whether the district court was applying the correct guidelines, and had he been applying the correct guidelines, the policy statement would not have been under consideration, because it doesn't exist at that time. Yes. In terms of establishing the third requirement for plain error, which is that somehow, even if you assume there was error, you have to next find that any misapprehension of the law that the judge might have been under actually affected the sentence. And so my opponent, in his presentation, said that by saying that he has to do something, even if he agrees with it, that doesn't show discretion. What it does show you is that the result wouldn't have been any different. So even if you assume that the judge just got it wrong, here he's actually going one step further and saying, I actually agree with this. It has to be consecutive. There's this penalty and there's that penalty. So even if the court's inclined to find that his language, his inartful language, somehow constitutes error, it just doesn't mandate remand for resentencing, because here there is no substantial likelihood that this sentence would have been any different. There's nothing in this record to suggest that the judge felt constrained. Head really just reinforced Pickett and Rita by saying it is error for a district court to assume reasonableness and only deviate from that guideline in compelling circumstances. That's not under dispute. I mean, that's fairly established. But that's not what the judge here said. He said, here I'm reading a guideline. It has to be. And I agree that it should be. He uses that word, it should be. It's appropriate. So I believe that Head is distinguishable on that basis. I would be happy to address the 3553 argument as well, unless the court has further questions on it. It's the same judge in both Head and here. Our decision, Head hadn't come out at the time of the sentencing here. So isn't it possible that the judge had the same misapprehension here that it had in Head? What he said in Head is different than what he said here. I think he took it the appropriate steps further in this case. He didn't say, I find that I have to do this unless something else. He said, I have to do this, and it makes sense that I do this, and I should do this, and I'm going to do this. And so I would submit that, really, Head is just distinguishable. Certainly, as far as the 3553 factors. So what's your key distinction in Head as to the language the judge used? Well, so I think the judge's language indicated that he felt constrained by the guideline. In Head? In Head, yes. It was presumptively reasonable, and he needed a reason to depart from it, and not seeing a reason to depart from it, he went with the guideline. And in that case, the government conceded that that appears to have been a misapprehension of the law. Whereas here, the court goes two important steps further, saying it has to be, I agree with it, and it makes sense. I think the way I see it is that the court is describing what the guidelines say, not how the guidelines are to be applied. The court is saying the guidelines say it has to be consecutive. That's a true statement. I think that was Judge Kavanaugh's point earlier. That's different than saying that the guidelines say it has to be consecutive, and I'm down with it. Absolutely. Absolutely. And I would just, again, go back to this point that even if the court is persuaded by my opponent's argument that nothing the court said reflects his acknowledgment that he has discretion, similarly, nothing reflects that even if he did have that discretion, that he would have done anything differently. And that's really key here on plain error in terms of what that actually means in the sentencing context. Who has the burden of showing that? That would be the appellant. And we would submit that he has just not met his burden here, unless there are further questions. Thank you. Thank you. Counsel for appellant? I just want to talk about ahead for a minute. First of all, the government didn't concede in head that the government tried to say in head at page 360 that describe the court's order as ultimately driven by a discretionary judicial determination. But it seems to me one of the key passages. It was a little clearer than that. I mean, counsel here said apparent misapprehension. I thought we thought the government had conceded error. The government conceded in head that it was reasonable that the judge was referring to the 7B1.3F. But they didn't concede that the judge made an error. In fact, they argued just the opposite. And this key passage from head seems to me to be on the limited record, we could not say with confidence that the district judge appreciated the full range of discretion the applicable law afforded. He did not mention discretion, nor did he explain how he might have taken into account the statutory factors that a judge must consider in exercising discretion in sentencing. But in head, he at least acknowledged that he could depart. In this case, he gave no indication that he had anything other in mind than the guidelines require, that it has to be consecutive. As in head, he said require. Here he said has to be. And Judge Wilkins, there was no acknowledgment that, okay, I'm going to follow that. He simply then imposed the sentence right then and there, the only rationale being I don't try to be tougher than the government. So there wasn't a distinction made between the guidelines say they have to be consecutive and I'm going to do that because I think that that's appropriate. It was the guidelines say it has to be consecutive. I agree with the guidelines, and that's what I'm doing. No acknowledgment as in head that there was any discretion to do anything otherwise. And the passages from head on page 360 seemed to me to be indistinguishable. If anything, as I said, the district court said things in head that were a little more acknowledging of discretion than in the present case. In the present case, he didn't acknowledge any discretion at all to do anything differently other than impose what the guidelines say has to be. All right, we'll take the case under advisement. Thank you.
judges: Rogers, Kavanaugh, Wilkins